UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                   Case No. 8:24-cr-236-VMC-SPF

JAMES ROBERTS and
GREGORY DAVIS

**UNITED STATES' MEMORANDUM
OF LAW REGARDING FORFEITURE**

The United States of America submits the following memorandum regarding

the procedure governing the forfeiture sought in this case.[1]

**MEMORANDUM OF LAW**

The United States seeks an order of forfeiture against the defendants in the

amount of at least $1,000,000, and the forfeiture of the following assets:[2]

    a.    Approximately $237,525.66 in funds from Bank Account number 5211-9694, held in the name of Gregory Davis at Wells Fargo Advisors, Tallahassee, FL; and

    b.    Approximately $23,150.50 in funds from Bank Account number 7699-8079, held in the name of Gregory Davis at Wells Fargo Advisors, Tallahassee, FL.

---

[1] This memorandum is being filed in conjunction with the United States' proposed special verdict forms and forfeiture instructions.

[2] On June 2, 2026, the United States filed a Bill of Particulars, which specifically identified the funds that are subject to forfeiture. Doc. 105.

The order of forfeiture and seized funds represent property that constitutes or were derived from proceeds of the offenses charged in Counts One through Eight.

 In the event that the defendants are convicted of any or all of the offenses charged in Counts One through Eight of the Indictment, and if the defendants request a jury determination on forfeiture pursuant to Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure, this memorandum outlines the procedure the government proposes that the court take with regard to the special verdict on forfeiture. The government will not request a jury determination on the forfeiture.

## I.    Background

Count One charges the defendants with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Counts Two through Eight charge the defendants with wire fraud, in violation of 18 U.S.C. § 1343. Doc. 1.

## II.    Applicable Statutes

The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. §§ 1343 and/or 1349 are found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. §§ 1343 and/or 1349. Pursuant to 28 U.S.C. §

2

2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

### III.   Forfeiture Proceeding

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[3]

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, ***prior to the jury's commencement of deliberations regarding guilt***, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a

---

[3] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

guilty verdict. Therefore, the United States requests that the Court ask the defendant, **_prior to the commencement of jury deliberations_**, if not sooner, whether he will seek a forfeiture jury determination on the forfeiture of the specific property. *See* Rule 32.2(b)(5)(A). The United States will not request a jury determination.

### A. Order of Forfeiture

As noted above, in addition to forfeiture of specific property, the United States is seeking an order of forfeiture in the amount of at least $1,000,000, representing the proceeds obtained from the wire fraud offenses. When a defendant no longer has the actual dollars in criminal proceeds or property directly traceable to forfeitable proceeds in his possession, or the government cannot locate that property, the defendant's obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

The defendants, however, are not entitled to a jury determination on the amount of the order of forfeiture sought in this case. Federal Rule of Criminal Procedure 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay. The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Instead, "*the court* must determine the amount of money that the defendant will be ordered to

pay." *Id.* (quoting Rule 32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment*, *the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added). The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States seeks an order of forfeiture for the criminal proceeds obtained by the defendants, the defendants are not entitled to a jury determination on the amount of the order of forfeiture in this case.

**B.    Forfeiture Proceeding for Specific Assets – Bank Accounts**

At any party's timely request, however, the jury may be charged to make a determination as to whether the United States has established the requisite nexus between the specific property it alleges is subject to forfeiture—such as funds at issue, here—and the violations charged in the counts of conviction. *See* Rule 32.2(b)(5).

It is not necessary for the jury to determine the extent of the defendant's interest in the property, as that issue is decided in an ancillary proceeding, if necessary. It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offenses for which the defendant was found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence. *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*). The United States Court of Appeals for the Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

Even where the jury right is invoked with regard to forfeiture of property, ultimately it is the Court that orders the forfeiture. Thus, if a defendant seeks a jury determination on the specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture. *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste,* 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Here, the portion of the Indictment and Bill of Particulars entitled "Forfeiture" merely provides the defendant with the required statutory notice that the United States seeks to forfeit his property in accordance with the applicable statute. *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*. For the reasons stated above, the portion of the Indictment and Bill of Particulars entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided. Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

Should the defendant request a jury determination on the forfeiture of the assets, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue the proposed jury instructions and proposed special verdict form, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

## IV.   **Conclusion**

Should the defendants request a jury determination on the amount of the order of forfeiture for criminal proceeds, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request, because there is no right to a jury determination of the amount of an order of forfeiture.

Should the defendants timely request a jury determination on the forfeiture of the seized funds, pursuant to Rule 32.2(b)(5), the United States requests that the Court:

(1)   instruct the jury on the issue of forfeiture after the jury has returned a guilty verdict on any or all of the offenses charge in Counts One through Eight of the Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4) provide the jury with a special verdict form as proposed by the government.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney

9