**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                   **Case No.: 8:24-cr-236-VMC-SPF-1**

**JAMES ROBERTS**

_____ /

## MOTION IN LIMINE TO PRECLUDE EVIDENCE INCLUDING FED. R. EVID. 404(B) NOTICE

James Roberts, through undersigned counsel, files this Motion in Limine Preclude Evidence including to the Government's 404(b) Notice.  As will be demonstrated herein, the notice lacks specificity, and the rationale it does put forth is insufficient for admission of the proposed evidence.

James Roberts stands charged with a conspiracy to commit wire fraud with his co-defendant Greg Davis.   The conspiracy and other indicted counts involve accuser D.D., and the dates alleged are from "[f]rom an unknown date at least as early as in or about June 2019, through the present." Doc. 1.   The voluminous discovery in this case included information pertaining to an extensive number of additional purported victims.   The Government in its notice whittled down the proposed admission of evidence beyond that involving D.D. to J.K., D.W., J.D. and V.L.   This evidence is propensity evidence not subject to an exception and

therefore is inadmissible.   It is worth noting that certain of these alleged victims are only tied to Davis and not Roberts, and therefore an alternative solution to denying admissibility via 404(b) would be to sever the defendants' trials.

The Government's notice did not adequately articulate the permitted purpose for which the Government intends to offer evidence of prior bad acts, nor did it articulate the reasoning that supports that purpose. In its notice of intent to introduce the evidence, the Government generally stated it sought to admit 404(b) evidence "to show proof of their respective motives, intent, knowledge, absence of mistake or accident" which is a list of every potentially permissible purpose for other acts evidence.

When the Government merely broadly lists all non-propensity purposes identified by Fed. R. Evid. 404(b), "this obscure disclosure apprises neither the defense nor the court of anything that meaningfully directs the reader's attention to some manageable and practical field of inquiry." *United States v. Biddix*, No. 8:14-cr-140-T-23MAP, 2015 WL 9473949, at *1 (M.D. Fla. Dec. 29, 2015). Such a vague statement does not provide Mr. Roberts "a fair opportunity to meet" the proposed 404(b) evidence, as contemplated by the rule. Fed. R. Evid. 404(b)(3)(A). Because the government failed to meet Fed. R. Evid. 404(b)'s notice requirement, Mr. Roberts objects to use of such evidence under Fed. R. Evid. 404(b) during trial. *See United States v. McGee*, No. 22-CR-019-JFH, 2022

WL 17960451, at *2 (E.D. Okla. Dec. 27, 2022).

Respectfully submitted this 21st day of June 2026.

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Laura G. Hastay*
Laura G. Hastay, Esq.
Assistant Federal Public Defender
Georgia Bar No. 637941
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone:  (813) 228-2715
Email: laura_hastay@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of June 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Tyrie Boyer, AUSA

*/s/ Laura G. Hastay*
Laura G. Hastay, Esq.
Assistant Federal Public Defender