# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                   **Case No.: 8:24-cr-236-VMC-SPF-1**

**JAMES ROBERTS**

_____ /

## MOTION IN LIMINE

James Roberts, through undersigned counsel, responds to the Government's Exhibit list and Trial Brief with this Motion in Limine. As will be demonstrated herein, certain items listed on the exhibit list and discussed in the Trial Brief are inadmissible. The Court should hold a pretrial hearing regarding these items and exclude them.

James Roberts stands charged with a conspiracy to commit wire fraud with his co-defendant Greg Davis. The conspiracy and other indicted counts involve accuser D.D., and the dates alleged are from "[f]rom an unknown date at least as early as in or about June 2019, through the present." Doc. 1. The voluminous discovery in this case included information pertaining to an extensive number of additional purported victims. The Government in its notice whittled down the proposed admission of evidence beyond that involving D.D. to J.K., D.W., J.D. and V.L.. Certain of these alleged victims are only tied to Davis and not Roberts,

and therefore inadmissible under Rule 403 as to Roberts as wholly lacking in relevance.  One of several examples of the problematic nature of this evidence is the wedding plans and photos of Davis' daughter: he allegedly used the funds of V.L. to put on his daughter's lavish wedding; that wedding has zero relevance as to the question of whether Roberts committed the acts he is accused of – but it has plenty of prejudicial value.  The wedding evidence should be deemed inadmissible.  The only alternative remedy would be to sever the defendants' trials.

The Government alleges that the defendants used so-called "brokers" to induce the investments made in this case.  V.L. dealt with Belser, J.K. dealt with Hanke, and D.W. dealt with Rob Ramos (in fact, D.W.'s money went to Rob Ramos, not the defendants).  None of these brokers are here to testify and their purported statements are therefore inadmissible hearsay.  Further, the Government has failed to produce any Brady or Rule 5 evidence regarding the backgrounds of these individuals.  Again, this evidence of statements purportedly made by coconspirators who are not on the witness list is far more prejudicial than it is probative and is inadmissible for that reason.

The absence of the purported coconspirators raises another problem, which is the Government's inability to authenticate several of the items on its Exhibit list.  For example, purported screen shots of web pages provided by Robert

Ramos cannot come in.  FRE 901.

This Motionmalso functions as a response to the Government's plan to admit certain witnesses and associated exhibits; the Court should conduct a pretrial hearing regarding these matters so that the jury and trial are not tainted by improper admission of prejudicial, irrelevant, and inauthentic evidence in this matter.

Respectfully submitted this 22 day of June, 2026.

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Laura G. Hastay*
Laura G. Hastay, Esq.
Assistant Federal Public Defender
Georgia Bar No. 637941
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone:  (813) 228-2715
Email: laura_hastay@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of June 2026, a true copy of

the foregoing was filed with the Clerk of the Court using the CM/ECF system,

which will send a notice of the electronic filing to:

Tyrie Boyer, AUSA

*/s/ Laura G. Hastay*
Laura G. Hastay, Esq.
Assistant Federal Public Defender
