UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.: 8:24-cr-236-VMC-SPF

v.

18 U.S.C. § 1349

JAMES ROBERTS and
GREGORY DAVIS

18 U.S.C. § 1343

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

### A.  Introduction

At all times material to this Indictment:

1.     JAMES ROBERTS, a resident of the Middle District of Florida, was the director of AEGIS MANAGEMENT, INC., an officer and director of MONEX ASSURANCE GROUP, INC., and held himself out as chairman and managing partner of AEGIS FINANCIAL GROUP. ROBERTS represented that he could provide very high and profitable returns to clients who invested with AEGIS FINANCIAL GROUP. In fact, ROBERTS used investors' money to perpetuate a fraud, to make Ponzi-style payments to earlier investors, to pay personal expenses, and otherwise for his and his family's personal enrichment. ROBERTS maintained personal bank accounts at various financial institutions, including Financial Institution #1 account ending in 6794 and Financial Institution #4 account ending in 3704.

2.      GREGORY DAVIS, a resident of New York, was a purported director of AEGIS FINANCIAL GROUP, and he controlled and served as the sole authorized signer on AEGIS MANAGEMENT, INC.'s business bank account ending in 9905 at Financial Institution #2. In coordination with ROBERTS, DAVIS represented that he could provide very high and profitable returns to clients who invested with AEGIS FINANCIAL GROUP. In fact, DAVIS used investors' money to perpetuate a fraud, to make Ponzi-style payments to earlier investors, to pay personal expenses, and otherwise for his and his family's personal enrichment. DAVIS opened and maintained a personal brokerage account at Financial Institution #3 ending in 8079.

3.      AEGIS FINANCIAL GROUP ("AEGIS FINANCIAL") was purported to be a company—specifically, "a 'Friendly Society' operating under the Bahamian Friendly Societies Act of 1835"—that provided its client members with financial, insurance, and banking services. ROBERTS and DAVIS used AEGIS FINANCIAL to solicit clients to transmit investment funds to accounts they controlled using false and fraudulent representations and material omissions, including, but not limited to, that clients' investment funds would be safe and secure because they would be backed by a highly-rated insurance company while they were "under the management" of AEGIS FINANCIAL.

4.      A "Ponzi" scheme was a fraudulent investment program in which funds paid in by later investors are used to pay out non-existent, phantom "profits" to earlier investors, thus creating the illusion that the fraudulent investment program is

2

a successful, profit-generating enterprise which, in turn, attracts new investment funds that are used to sustain the fraudulent program.

### B.  The Conspiracy

5.      From an unknown date at least as early as in or about June 2019, through the present, in the Middle District of Florida and elsewhere, the defendants,

JAMES ROBERTS and
GREGORY DAVIS,

did knowingly and voluntarily, combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C.  Manner and Means

6.      The manner and means by which the conspirators carried out the object of the conspiracy included, among others, the following:

(a)     It was a part of the conspiracy that the defendants would and did solicit individuals to invest with AEGIS FINANCIAL by falsely and fraudulently promising them high rates of return and representing that their funds would be covered by a qualified insurance company while AEGIS FINANCIAL managed those funds.

(b)     It was further a part of the conspiracy that the defendants and others would and did falsely and fraudulently represent to potential investors that defendant JAMES ROBERTS had substantial education and experience in finance,

3

including international finance, and that AEGIS FINANCIAL was an international finance company with offices in places such as Panama, London, and Florida.

(c)     It was further a part of the conspiracy that the defendants would and did cause victim-investors to wire the funds they agreed to invest with AEGIS FINANCIAL to bank accounts they controlled, including, but not limited to, a "designated Bank Account" ending in 9905 at Financial Institution #2 in New York.

(d)     It was further a part of the conspiracy that the defendants falsely and fraudulently represented that, upon the receipt of the victim-investors' funds, AEGIS FINANCIAL would issue a promissory note memorializing each investment and arrange for the investments funds to be insured by a highly-rated insurance company throughout the pendency of the investment.

(e)     It was further a part of the conspiracy that upon receiving requests for status updates, complaints, or demands for the return of victim-investors' funds, the defendants and other coconspirators would and did communicate, via email and telephone, varied responses seeking to excuse the delay and assuring full compliance with the terms of the investments in due course.

(f)     It was further a part of the conspiracy that in order to placate some victim-investors demanding the return of their investment funds, the defendants would and did transmit and cause to be transmitted emails that included false and fraudulent financial records reflecting the safety and growth of the victim-investors' funds on deposit with AEGIS FINANCIAL.

4

(g)    It was further a part of the conspiracy that the defendants and other coconspirators would and did use proceeds of this scheme and artifice in order to perpetuate the fraud, to make Ponzi-style payments to earlier investors, to pay personal expenses, and to enrich themselves and members of their families.

(h)    It was further a part of the conspiracy that the defendants and other coconspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purposes of and the acts done in furtherance of said conspiracy.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH EIGHT
### (Wire Fraud)

### A.  Introduction

1.    The Grand Jury realleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

### B.  The Scheme and Artifice

2.    From an unknown date at least as early as in or about June 2019, through the present, in the Middle District of Florida and elsewhere, the defendants,

JAMES ROBERTS and
GREGORY DAVIS,

did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises relating to material facts.

5

C.      **The Manner and Means of the Scheme and Artifice**

3.      The Grand Jury realleges and incorporates by reference Part C of Count One of this Indictment as though fully set forth herein.

D.      **Execution of the Scheme and Artifice**

4.      On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendants,

JAMES ROBERTS and
GREGORY DAVIS,

knowingly and intentionally executed and attempted to execute the aforesaid scheme and artifice, by transmitting and cause to be transmitted by means of wire and radio communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, to wit:

| COUNT | DATE | DEFENDANT(S) | DESCRIPTION OF WIRE |
|-------|------|--------------|---------------------|
| TWO | 6/11/19 | JAMES ROBERTS and GREGORY DAVIS | "Aegis Membership and Deposit Agreement" emailed from Gregory.Davis@aegis-fg.com to Dxxx@DxxxDxxx.com |

6

| THREE | 7/03/19 | JAMES ROBERTS and GREGORY DAVIS | Wire transfer of $10,000 from Financial Institution #2 account ending in 9905 to Financial Institution #1 account ending in 6794 |
|---|---|---|---|
| FOUR | 7/03/19 | JAMES ROBERTS and GREGORY DAVIS | "Aegis Financial Transaction Update" with attached promissory note emailed from Gregory.Davis@aegis-fg.com to Dxxx@DxxxDxxx.com |
| FIVE | 7/22/19 | JAMES ROBERTS and GREGORY DAVIS | Wire transfer of $15,000 from Financial Institution #2 account ending in 9905 to Financial Institution #1 account ending in 6794 |
| SIX | 10/29/19 | JAMES ROBERTS and GREGORY DAVIS | Wire transfer of $12,500 from Financial Institution #3 account ending in 8079 to Financial Institution #4 account ending in 3704 |
| SEVEN | 3/11/20 | JAMES ROBERTS | "Sapphire Bank  View Account" emailed by James Roberts to Dxxx@DxxxDxxx.com |
| EIGHT | 3/27/20 | JAMES ROBERTS and GREGORY DAVIS | Wire transfer of $6,800 from Financial Institution #3 account ending in 8079 to Financial Institution #4 account ending in 3704 |

All in violation of 18 U.S.C. § 1343.

7