**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 8:24-Cr-236-VMC-SPF**

**JAMES ROBERTS**
______________________________ /

## MOTION TO WITHDRAW AS COUNSEL

COMES NOW, the Office of the Federal Defender for the Middle District of Florida ("FDO") and pursuant to Local Rule 2.02, moves to withdraw as counsel of record for Mr. James Roberts. For the reasons discussed herein, withdrawal of the FDO and appointment of CJA counsel is necessary and appropriate.

Mr. Roberts was arraigned on an unsealed indictment in September 2024. Doc. 1. The Federal Defender's Office was appointed to the case, which eventually proceeded to trial in June of this year; Mr. Roberts was convicted of all but one Count. The undersigned recently met with Mr. Roberts at the jail to discuss further proceedings, such as the initial presentence interview. During that meeting, the undersigned and Mr. Roberts agreed that, due to various issues

concerning him, including, but not limited to, evidence review in consideration of plea offer, preparation for trial, and strategies and actions during trial, it would be necessary for the undersigned to withdraw so that Mr. Roberts could address these matters with new counsel. The issues raised essentially amount to claims of ineffective assistance of counsel, and therefore a conflict exists. Further, Mr. Roberts, through mail not yet received by the undersigned at the time of the jail visit, had expressed his desire to discharge the undersigned and receive newly-appointed counsel.

The Local Rules for the Middle District of Florida provide that an attorney appearing before a judge in the Middle District of Florida "…must remain familiar with, and is bound by, the rules governing the professional conduct of a member of The Florida Bar." *See* Local Rule, Middle District of Florida, 2.01(e). Those Rules, in turn, require withdrawal when a lawyer is discharged, and "if the lawyer's exercise of independent professional judgement in the representation of that client may be materially limited by the lawyer's . . . own interest." *See* Rule 4-1.4, Communication, Rules Regulating the Florida Bar; see also Rule 4-1.7(b). The undersigned is seeking to withdraw as counsel based on Mr. Roberts' desire to discharge her as well as the associated conflict of interest

caused by the nature of the reasons Mr. Roberts seeks new counsel. Mr. Roberts consents to the withdrawal of the Office of the Federal Defender and the prompt appointment of other counsel by the Court. Accordingly, this motion to withdraw ought to be GRANTED, and the Court should issue an Order appointing Mr. Roberts counsel from outside the Office of the Federal Defender.

Respectfully submitted this 18th day of August 2026.

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*Laura G. Hastay*
Laura G. Hastay, Esq.
Assistant Federal Public Defender
Georgia Bar No. 637941
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: laura_hastay@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Tyrie Boyer, AUSA

/s/ Laura G. Hastay
Laura G. Hastay, Esq.
Assistant Federal Public Defender